UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL W. ROACH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | No. 1:19-cv-05020-JPH-TAB |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Russell W. Roach petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number IRO 18-06-0004. For the reasons explained in this Order, Mr. Roach's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On June 21, 2018, Indiana Department of Correction (IDOC) administrative assistance Michelle Rains wrote a Report of Conduct charging Mr. Roach with filing a frivolous lawsuit, a violation of the IDOC's Adult Disciplinary Code offense B-243. The Report of Conduct states:

> On June 20, 2018, the Administrative Assistant's Office was notified by Jennifer Lee Farmer, Director of the Indiana Department of Correction Sentence Computation/Release Unit (via Paula Dickson), that offender Roach, Russell #954613 had filed a lawsuit against the State of Indiana in which he was seeking a 6 month time cut for the completion of 3 separate vocational programs (Computer Business, completed at the Indiana State Prison, Horticulture completed at the New Castle Correctional Facility and DOL Animal Trainer). Russell claimed that IDOC Counselors made erroneous entries and refused to correct the entries. Roach filed grievances and exhausted his administrative remedies before proceeding to the litigation step. In a lawsuit filed by Roach (49G01-9501-PC-006876), the offender was seeking a six month time credit for the completion of the above stated programs (3 total programs) for a total of 18 months. In a declaration signed by Jennifer Farmer, IDOC Policy and Administrative Procedure 01-04-101 VII(F)(3)(c)(1)(e) allows for a maximum of one year credit time for the completion of vocational programs. Additionally, offender Roach already received 183 credit days for the completion of the Computer Business program on 05-06-2006 and an additional 183 credit days for Horticulture on 05-03-2006 for a total of 366 days. With 366 days credited to Roach for the completion of said vocational programs, he was maxed out on credit time he could receive for completing vocational programming. On March 14, 2018 in the case of Roach v State of Indiana - 49G01-9501-PC-006876 the Marion County Judge granted the Respondent's (State of Indiana) Motion for Summary Disposition and denied the Petitioner's (Roach) Motion to Correct Credit Time Not Previously Awarded. In his petition to the court, offender Roach was attempting to secure earned credit time for vocational programs in which he had already received time cuts (Computer Business and Horticulture). Additionally, offender Roach was attempting to secure credit time beyond what is allowed by policy, thus filing a frivolous lawsuit.

Dkt. 10-1.

Mr. Roach was notified of the charge on July 5, 2018, when he received the Screening Report. Dkt. 10-2. He pled not guilty to the charge and asked for lawyer Lindsay Schneider to provide testimony that Mr. Roach did not know about the lawsuit or policy. *Id.* Mr. Roach did not request physical evidence. *Id.*

A hearing was held on August 7, 2018. Dkt. 10-6. Mr. Roach's statement was that "the documents don't match up." *Id.* The hearing officer (DHO) had postponed the hearing at least twice to allow time for Mr. Roach's lawyer to provide a statement, but no statement was received. *Id.*, dkts. 10-4 & 10-5 (hearing continuance forms). The DHO considered Mr. Roach's statement, staff reports, and court documents. Dkt. 10-6. Mr. Roach was found guilty of filing a frivolous lawsuit and sanctioned with a loss of earned credit time. *Id.*

Mr. Roach appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 10-7 & 10-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has filed a return and the disciplinary case record. Dkts. 10 & 10-1 – 10-15. Mr. Roach filed a reply. Dkt. 13. The petition is ready for decision.

### C.     Analysis

Mr. Roach presents four grounds for relief in his petition. The Court addresses each in turn.

#### 1.     Retaliation and Sufficiency of the Evidence

The Court understands Mr. Roach's first ground for relief to argue that the disciplinary charges were brought against him in retaliation for his filing of a tort claim. Dkt. 1 at 3-4. In his reply, Mr. Roach clarifies that the IDOC "possibly" retaliated against him. Dkt. 13 at 2. The respondent argues that as to any retaliation claim, Mr. Roach failed to exhaust his administrative remedies because he did not present a retaliation claim in his appeals to the Facility Head and Final Reviewing Authority. Dkt. 10 at 7; *see* dkt. 10-7 (Facility Head appeal). Mr. Roach states he did exhaust his administrative remedies, but he offers no supporting evidence or argument. Dkt. 13 at 5.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC or Final Reviewing Authority may be raised in a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Therefore, if Mr. Roach did not present a retaliation claim in his administrative appeals, this Court cannot consider a retaliation claim because it has not been exhausted. In his administrative appeals, Mr. Roach never used the word "retaliation" in the body of his appeal, and a fair reading of the appeal does not implicate any retaliation allegation. Mr. Roach did not exhaust his administrative remedies on a retaliation claim so the Court cannot consider such a claim brought in this case. Habeas corpus relief on a retaliation claim, therefore, is **denied**.

To the extent that this claim challenges the sufficiency of the evidence, it is governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence—*any* evidence—the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some

evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941).

Here, Mr. Roach was disciplined for "Filing Frivolous Claims," which is defined as:

> Filing a civil claim or action found to be frivolous, unreasonable, or groundless by a federal, State, or administrative court.
>
> Or,
>
> Filing an unsuccessful judicial request for a time cut for a program that is not approved for a credit time award by the Department after being informed by the Department that no credit time award is available for the program.
>
> Or,
>
> Filing an unsuccessful judicial request for a time cut that has been previously awarded to the offender by the Department.

Dkt. 10-9 at 8. The Warden relies on only the third provision, arguing that Mr. Roach violated that provision because he unsuccessfully requested more credit time after receiving the maximum "one-year credit for the completion of vocational programs." Dkt. 10 at 11.

The conduct report states that Mr. Roach petitioned for an additional six months of credit time for vocational programs after he received the maximum credit for vocational programs. Dkt. 10-1 at 1. It therefore provides *some* evidence to support the hearing officer's decision. Thus, the meager threshold of evidence sufficiency has been crossed. *See Williams v. Smith*, 728 Fed. App'x 599, 600 (7th Cir. 2018) ("Conduct reports can satisfy" the some-evidence standard."). Moreover, in Mr. Roach's disciplinary hearing, the hearing officer considered the staff reports, the documents from state court, and Mr. Roach's statement, and found him guilty. Dkt. 10-6. The staff reports describe the nature of the state court action and why it was frivolous, and the court documents

support the veracity of the staff reports. The staff reports and state court documents constitute "some evidence" to support the hearing officer's decision. The threshold of evidence sufficiency has been crossed. Habeas corpus relief based on a challenge to the sufficiency of the evidence is **denied**.

### 2. Denial of Witness

In his second ground for relief, Mr. Roach argues that the hearing officer violated his due process rights by not presenting his attorney's statement at the hearing. Dkt. 1 at 4. Mr. Roach argues his attorney Lindsay Schneider's name, email, and phone number were on the state court documents and someone in IDOC should have contacted Schneider for a statement. *Id.* The disciplinary record furnished by the Warden indicates that the hearing officer twice postponed the hearing while awaiting the lawyer's statement, but there is no indication as to how the lawyer was contacted.[1]

Moreover, the Warden argues that Mr. Roach also failed to present this issue to the Facility Head during his administrative appeals. Dkt. 10 at 7. A review of the appeal supports the Warden's argument—the Facility Level appeal does not assert or suggest that the hearing officer violated Mr. Roach's due process rights by not contacting his lawyer for a statement. Dkt. 10-7. In his reply, Mr. Roach does not provide evidence or argument to rebut the Warden's assertion and evidence. *See* dkt. 13 at 5. He simply asserts that he exhausted his administrative remedies.

---

[1] Mr. Roach attaches to his petition the declaration of attorney Lindsay Schneider. Dkt. 1-2. Mr. Schneider states that he was never contacted by anyone from the Pendleton Correctional Facility concerning Mr. Roach's "appeal." *Id.* Even with this statement, the record does not address the question of whose obligation it was to obtain Mr. Schneider's statement. But even if the record were clear on that question, the Court could not address it because of procedural default. 28 U.S.C. § 2254(b)(1)(A); *Eads*, 280 F.3d at 729.

For the same reasons that the Court cannot consider a claim of retaliation in this case, the Court also cannot consider Mr. Roach's claim regarding his lawyer's statement and habeas corpus relief on this claim must be **denied** due to lack of exhaustion of administrative remedies. 28 U.S.C. § 2254(b)(1)(A); *Eads*, 280 F.3d at 729; *Moffat*, 288 F.3d 978 at 981.

### 3. No Meaningful Review or Citation to Evidence

Mr. Roach argues in his third ground for relief that he was denied due process of law when the disciplinary hearing officer failed to conduct a meaningful review of the entirety of the evidence and provide specific citations to that evidence. Dkt. 1 at 5.

There is no federal constitutional due process right to have a disciplinary hearing officer review *all* possible evidence in a disciplinary action. All that is required is that the decision is supported by *some* evidence. *See* Section C.1. Mr. Roach has not provided or pointed to evidence that without doubt shows the evidence relied on by the hearing officer was invalid or in some manner false. Construed as a third challenge to the sufficiency of the evidence, relief on this claim is **denied**.

If the claim is construed as an assertion that the hearing officer failed to provide Mr. Roach with the basis for the guilty decision, that claim must also fail. While an inmate is entitled to a written statement identifying the evidence relied on and reason for the hearing officer's decision, *see Scruggs*, 485 F.3d at 941, the statement "needs only illuminate the evidentiary basis and reasoning behind the decision, *Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009). The Report of Disciplinary Hearing provides that statement. Dkt. 10-6. This report shows that the hearing officer considered the staff reports, Mr. Roach's statement, and the state court documents. *Id.* The reason for the guilty decision was based on that evidence. *Id.* Mr. Roach's signature appears

on the report, documenting that he received this statement. *Id.* Accordingly, Mr. Roach's claim, construed as a lack of the basis and reason for the guilty decision, is **denied**.

### 4. Loss of Earned Credit Time Violated Petitioner's Liberty Interest

Mr. Roach's fourth ground for relief repeats many of the same procedural facts he set forth in support of the other three grounds for relief, ending with a conclusory statement that the taking of his earned credit time violated his liberty interests. The Court discerns no federal constitutional habeas corpus claim in this section of the petition, and accordingly **denies** relief on this ground.

### D. Conclusion

None of the four grounds for relief presented in Mr. Roach's petition for a writ of habeas corpus have merit. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Roach to the relief he seeks. Accordingly, Mr. Roach's petition for a writ of habeas corpus challenging prison disciplinary case IRO 18-06-0004 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/21/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Russell W. Roach
23 N. Berwick Avenue
Indianapolis, IN 46222

8

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov